IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN R. HAKE AND CYNTHIA L. LOYA          CIVIL ACTION NO. 2:17-cv-957
Personal representatives of the
ESTATE OF SEAN MARIE HAKE,

      Plaintiff,

v.

CITY OF SHARON POLICE DEPARTMENT;
JOHN DOE NUMBER 1, in his capacity as a
police officer of Sharon Police Department and
in his individual capacity; JOHN DOE
NUMBER 2, in his capacity as a police officer of
Sharon Police Department and in his individual
capacity; JOHN DOE NUMBER 3, capacity as
police officer of Sharon Police Department and
in his individual capacity,

      Defendants.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO THE CIVIL COMPLAINT

AND NOW, come Defendants CITY OF SHARON POLICE DEPARTMENT and JOHN

DOE NUMBERS 1, 2 and 3 (collectively, "Defendants"), by and through their attorneys,

MARGOLIS EDELSTEIN and CHARLES H. SAUL, ESQUIRE, and hereby file the following

Answer and Affirmative Defenses to Plaintiffs' Civil Complaint, as follows:

### PARTIES

1.      The averments of paragraph 1 of the Complaint are admitted.

2.      The averments contained at paragraph 2 of the Complaint constitute a conclusion

of law to which no answer is required.

3.      The averments contained at paragraph 3 of the Complaint constitute a conclusion

of law to which no answer is required.

4.      The averments contained at paragraph 4 of the Complaint constitute a conclusion of law to which no answer is required.

5.      The averments of paragraph 5 of the Complaint are admitted.

6.      The averments contained at paragraph 6 of the Complaint constitute a conclusion of law to which no answer is required.

7.      It is admitted that Plaintiffs assert various causes of action in this matter. It is denied that these causes of action have merit.

## JURISDICTION

8.      The averments contained at paragraph 8 of the Complaint constitute a conclusion of law to which no answer is required.

## STATEMENT OF FACTS

9.      The averments of paragraph 9 of the Complaint are admitted.

10.     The averments of paragraph 10 of the Complaint are admitted.

11.     The averments of paragraph 11 of the Complaint are admitted.

12.     It is denied that the three officers all encountered decedent's mother upon arrival. The averments of this paragraph of the Complaint are otherwise admitted.

13.     The averments of paragraph 13 of the Complaint are admitted.

14.     The averments of paragraph 14 of the Complaint are denied.

15.     The averments of paragraph 15 of the Complaint are admitted.

16.     The averments of paragraph 16 of the Complaint are denied, as stated. Decedent sprang out of the vehicle on her own volition and without any force or assistance from an y of the three officers.

17.     The averments of paragraph 17 of the Complaint are admitted.

16(sic) The averments to second paragraph 16 of the Complaint are denied.

18.    The averments of paragraph 18 of the Complaint are denied.

19.    The averments of paragraph 19 of the Complaint are denied.

20.    The averments of paragraph 20 of the Complaint are denied.

21.    The averments of paragraph 21 of the Complaint are denied.

## COUNT 1

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

### Plaintiff v. John Doe No. 1 (Excessive Force)

22.    Defendants hereby incorporate their forgoing answers as if set forth at length.

23.    The averments of paragraph 23 of the Complaint are denied.

24.    The averments of paragraph 24 of the Complaint are denied.

25.    The averments of paragraph 25 of the Complaint are denied.

26.    The averments of paragraph 26 of the Complaint are denied.

27.    The averments of paragraph 27 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

## COUNT 2

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

### Plaintiff v. John Doe No. 2 (Excessive Force)

28.    Defendants hereby incorporate their forgoing answers as if set forth at length.

29.    The averments of paragraph 29 of the Complaint are denied.

30.    The averments of paragraph 30 of the Complaint are denied.

31.     The averments of paragraph 31 of the Complaint are denied.

32.     The averments of paragraph 32 of the Complaint are denied.

33.     The averments of paragraph 33 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

## COUNT 3

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

### Plaintiff v. John Doe No. 3 (Excessive Force)

34.     Defendants hereby incorporate their forgoing answers as if set forth at length.

35.     The averments of paragraph 35 of the Complaint are denied.

36.     The averments of paragraph 36 of the Complaint are denied.

37.     The averments of paragraph 37 of the Complaint are denied.

38.     The averments of paragraph 38 of the Complaint are denied.

39.     The averments of paragraph 39 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

## COUNT 4

### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

### Plaintiff v. Sharon Police Department (Custom and Practice)

40.     Defendants hereby incorporate their forgoing answers as if set forth at length.

41.     The averments of paragraph 41 of the Complaint are denied.

42.     The averments of paragraph 42 of the Complaint are denied.

43.     The averments of paragraph 43 of the Complaint are denied.

44.     The averments of paragraph 44 of the Complaint are denied.

45.     The averments of paragraph 45 of the Complaint are denied.

46.     The averments of paragraph 46 of the Complaint are denied.

47.     The averments of paragraph 47 of the Complaint are denied.

48.     The averments of paragraph 48 of the Complaint are denied.

49.     The averments of paragraph 49 of the Complaint are denied.

50.     The averments of paragraph 50 of the Complaint are denied.

51.     The averments of paragraph 51 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

### COUNT 5 – ASSAULT (Pendent State Claim)

### Plaintiff v. John Doe No. 1

52.     Defendants hereby incorporate their forgoing answers as if set forth at length.

53.     The averments of paragraph 53 of the Complaint are denied.

54.     The averments of paragraph 54 of the Complaint are denied.

55.     The averments of paragraph 55 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

## COUNT 6 – ASSAULT (Pendent State Claim)

### Plaintiff v. John Doe No. 2

56.     Defendants hereby incorporate their forgoing answers as if set forth at length.

57.     The averments of paragraph 57 of the Complaint are denied.

58.     The averments of paragraph 58 of the Complaint are denied.

59.     The averments of paragraph 59 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

## COUNT 7 – ASSAULT (Pendent State Claim)

### Plaintiff v. John Doe No. 3

60.     Defendants hereby incorporate their forgoing answers as if set forth at length.

61.     The averments of paragraph 61 of the Complaint are denied.

62.     The averments of paragraph 62 of the Complaint are denied.

63.     The averments of paragraph 63 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

## COUNT 8 – BATTERY (Pendent State Claim)

### Plaintiff v. John Doe No. 1

64.     Defendants hereby incorporate their forgoing answers as if set forth at length.

65.     The averments of paragraph 65 of the Complaint are denied.

66.     The averments of paragraph 66 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

## COUNT 9– BATTERY (Pendent State Claim)

### Plaintiff v. John Doe No. 2

67.     Defendants hereby incorporate their forgoing answers as if set forth at length.

68.     The averments of paragraph 68 of the Complaint are denied.

69.     The averments of paragraph 69 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

## COUNT 10 – BATTERY (Pendent State Claim)

### Plaintiff v. John Doe No. 3

70.     Defendants hereby incorporate their forgoing answers as if set forth at length.

71.     The averments of paragraph 71 of the Complaint are denied.

72.     The averments of paragraph 72 of the Complaint are denied.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiffs, together with cost of suit, and any other relief that the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Decedent has not been deprived of any constitutional or statutory right as required to establish a claim for which relief can be granted under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

Defendants acted in good faith and without the intent to violate Decedent's civil rights.

## FOURTH AFFIRMATIVE DEFENSE

Decedent's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The actions of the Defendants were justified and/or privileged under the circumstances.

## SIXTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted in accordance with the Constitution of the United States and all state and local laws relative thereto.

## SEVENTH AFFIRMATIVE DEFENSE

The City of Sharon Police Department is not a proper party for a Section 1983 claim, because it is not an entity that is subject to suit.

## EIGHTH AFFIRMATIVE DEFENSE

Damages to Decedent were caused by the culpable conduct of Decedent.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants acted reasonably and in good faith and their conduct was authorized and required by law under the circumstances and/or they reasonably believe that this conduct was authorized or required by law under the circumstances.

### TENTH AFFIRMATIVE DEFENSE

The actions of Defendants were privileged and justified under federal and state law, including 18 Pa.C.S. § 508.

### ELEVENTH AFFIRMATIVE DEFENSE

Decedent's causes of action are governed, limited and barred by Decedent's unlawful conduct, including his attempt to kill the Defendant Officers.

### TWELFTH AFFIRMATIVE DEFENSE

The force used by Defendants in defending themselves was objectively reasonable and justified under the circumstances.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any action or inaction of Defendants arose from the performance of job duties and was authorized or required by law and/or reasonably believed to be authorized or required by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants took no actions toward Decedent which constituted extreme and/or outrageous conduct, nor did Defendants act in a reckless manner in regard to Decedent's well-being.

### FIFTEENTH AFFIRMATIVE DEFENSE

Decedent has not set forth and is unable to establish a viable claim for punitive damages against Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

Decedent is not entitled to recover punitive damages against Defendants acting in an official capacity, as punitive damages cannot be awarded against an officer acting in an official capacity.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants are protected and/or immune from suit by the doctrine of qualified immunity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Under the Political Subdivision Torts Claim Act, 42 Pa. C.S.A. § 8541-8564, Defendants

are immune from any claim arising under State law.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed and

judgment be entered in favor of Defendants and against Decedents, together with cost of suit, and

any other relief that the Court may deem appropriate.

Respectfully submitted,

MARGOLIS EDELSTEIN

Date:  August 21, 2017                    */s/ Charles H. Saul*
                                          Charles H. Saul, Esquire
                                          Pa I.D. No. 19938
                                          MARGOLIS EDELSTEIN
                                          525 William Penn Place – Suite 3300
                                          Pittsburgh, PA 15219
                                          P: 412-355-4985 / F: 412-642-2380
                                          csaul@margolisedelstein.com
                                          *(Counsel for Defendants)*